

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2004

# Benjamin v. Gen Accident Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2398

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Benjamin v. Gen Accident Ins Co" (2004). *2004 Decisions.* Paper 1106.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1106

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**UNREPORTED - NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-2398
_____

CECIL BENJAMIN; FERRYNEISA BENJAMIN,
Appellants,

v.

GENERAL ACCIDENT INSURANCE COMPANY
OF PUERTO RICO; THOMAS HOWELL GROUP

_____

On Appeal From the District Court
of the Virgin Islands
(D.C. Civ. No. 96-cv-00071)
District Judge: Honorable Thomas K. Moore

_____

Argued
April 29, 2003

Before: ROTH, MCKEE, AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed January 9, 2004)

F. GLENDA CAMERON, ESQUIRE (ARGUED)
Law Offices of Lee J. Rohn
1101 King Street, Suite 2
Christiansted, St. Croix
U.S. Virgin Islands 00820

     Attorney for Appellants

SHELLEY H. LEINICKE, ESQUIRE (ARGUED)
Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A.
1 East Broward Blvd.

South Trust Tower, Suite 500
P.O. Box 14460
Ft. Lauderdale, FL 33302

MICHAEL SANFORD, ESQUIRE
#1 Queen Cross Street
Christiansted, St. Croix 00820

      Attorneys for Appellee

_____

OPINION OF THE COURT

_____

ROTH, CIRCUIT JUDGE.

Appellants Cecil and Ferryneisa Benjamin were insured by General Accident Insurance Company of Puerto Rico when they suffered property damage to their home in St Croix, U.S. Virgin Islands, during Hurricane Marilyn in 1995. Due to a large number of property damage claims in the area, General Accident contracted with the Thomas Howell Group (THG), an independent adjustor, to adjust claims of loss arising from the hurricane. The Benjamins allege that they were kept waiting for months for an inspection of their property, that they were treated in a discourteous and unprofessional manner by THG adjustors, and that, when THG finally proposed a specific amount in settlement of the property damage claim, it was quite low.

As a result the Benjamins sued General Accident and THG in the District Court of the Virgin Islands, alleging breach of fiduciary duty and fair dealing, negligent

misrepresentation, tortious interference with contract, intentional infliction of emotional distress, and breach of contract. The Benjamins settled their claims with General Accident within a year of filing suit for an amount roughly equal to their contractors' estimates and considerably higher than THG's proposal.[1]

Dissatisfied, the Benjamins amended their complaint to proceed against THG. The breach of fiduciary duty and negligent misrepresentation counts in the amended complaint were based, in part, on a general assignment executed at the time of settlement by General Accident of any claims General Accident might have against THG arising out of the Benjamins' claim. The Benjamins alleged that they could recover for General Accident's losses as a result of the settlement, and as a result of having incurred costs and attorneys' fees. These costs and attorneys' fees were not specified in the amended complaint.

At the conclusion of discovery THG moved for summary judgment, and, in an order entered on April 23, 2002, the District Court granted the motion. The District Court concluded that THG was an independent, and not a public, adjustor under Virgin Islands law. Pursuant to 22 V.I. Code Ann. § 751(a)(1), an independent adjustor is an adjustor who represents the interests of an insurer only. THG had a contract with General Accident; it had no contract with the Benjamins, and thus owed them no independent duty of care as a result of the insurance policy. Since General Accident settled all claims with

---

[1] The Benjamins obtained two estimates for repairing the damage to their home, one at \$213,000 and the other at \$233,642. General Accident settled for \$225,000. THG recommended settlement of the claim at approximately \$75,000.

the Benjamins in accordance with the insurance policy, and the Benjamins released

General Accident from further liability, the counts of breach of fiduciary duty and

negligent misrepresentation could not be maintained.  The District Court determined that

THG was plainly entitled to summary judgment on the remaining counts in the

complaint.[2]  The Benjamins appealed.

We will affirm.  Summary judgment is appropriate where the evidence adduced

establishes that there is no genuine issue as to any material fact, Fed. R. Civ. Pro. 56(c),

and thus no reason for a trial.  Under Rule 56(e), the nonmoving party may not rest on the

pleadings but must come forth with specific facts that would allow a reasonable juror to

find in favor of the nonmovant.  See Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173,

1178 (3d Cir. 1994).  We agree with the District Court that THG was entitled to judgment

as a matter of law on the breach of fiduciary duty and negligent misrepresentation counts,

because of the complete absence of any duty owed by THG to the Benjamins under 22

V.I. Code Ann. § 751(a).

This case is governed by Virgin Islands statutory law.  Section 751(a) of title 22

clearly provides that the duty of care owed by an adjustor is determined by who employs

the adjustor.[3]  If the insured employs the adjustor under section 751(a)(2), he or she is a

---

[2]  We agree with the District Court that THG was entitled to summary judgment on the remaining counts because they were so lacking in merit and evidentiary support.  We will affirm the District Court's order to that extent without further discussion.

[3]  Section 751, entitled "Definitions," provides:

4

public adjustor and owes a duty of care to the insured named in the policy. If the insurance company employs the adjustor, he or she is an independent adjustor under section 751(a)(1) and owes a duty solely to the insurance company. It is undisputed that THG contracted with General Accident and not with the Benjamins. The obligation of good faith and fair dealing set forth in the Restatement (Second) of Contracts § 205, and on which the Benjamins rely, is limited to those instances where a contract exists.[4] Cases cited by the Benjamins from other jurisdictions holding that such a duty exists conflict with section 751(a) and may not be applied here.

With respect to the Benjamins' claim of negligent misrepresentation, again the law specifically limits the liability of an independent adjustor to the insurer for whose benefit

> (a) "Adjuster" means any person who, for compensation as an independent contractor or as an employee of an independent contractor, or for fee or commission, investigates or reports to his principal relative to claims arising under insurance contracts, **on behalf solely of either the insurer or the insured....**
>
> (1) "Independent adjuster" means such an adjuster representing the interests of the insurer.
>
> (2) "Public adjuster" means an adjuster employed by and representing solely the financial interests of the insured named in the policy.

22 V.I. Code Ann. § 751(a) (1993) (emphasis added).

[4] See 1 V.I. Code Ann. § 4 ("The rules of the common law, as expressed in the Restatements of the Law by the American Law Institute ... shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.") See also Action Engineering v. Martin Marietta Aluminum, 670 F.2d 456, 459 (3d Cir. 1982).

and guidance the information is intended. See J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 615 (3d Cir. 1987) (citing Restatement (Second) of Torts § 552(2)(a)). The independent adjustor provides his or her information solely for the benefit of the insurer for use in determining the value of the claim made by the insured.

It is, nevertheless, undisputed that General Accident assigned all claims it might have against THG to the Benjamins at the time of settlement. No specific claims are identified in the assignment or even implied, however, and it does not appear that General Accident had any claims to assign. The Benjamins theorize in their Reply Brief that THG was underfunded, took on more than it could handle, was not qualified to handle claims, and, to that extent, breached its contract with General Accident. They contend that General Accident, although it ultimately settled their property damage claim within the policy limits, incurred costs and attorneys' fees it would not have incurred had THG not committed a breach, and that General Accident assigned the right to collect these costs and fees to the Benjamins.

The flaw in this argument is that, pursuant to Rule 56(e), the Benjamins must adduce evidence in support of their claim that General Accident was harmed by THG; otherwise they cannot prevail at the summary judgment stage. They must move beyond the allegations to the facts, Lundy, 34 F.3d at 1178, and they have not done so. There simply is no evidence that General Accident was harmed by THG. General Accident owed the Benjamins money under the terms of the policy for property damage as a result

6

of the hurricane.  The money General Accident paid at settlement is money it would have had to pay regardless of THG's shortcomings.  General Accident did not settle with the Benjamins for an amount in excess of the policy limits, and there is no evidence that General Accident was harmed by the delay in settling the Benjamins' claim.  Moreover, the Benjamins adduced no evidence that THG caused General Accident to incur costs and attorneys' fees either prior to the commencement of this litigation or even after litigation commenced.  In sum, having achieved a full recovery from General Accident, and having released General Accident from liability, there is no further basis for the Benjamins to recover.

For the above reasons, we will affirm the order of the District Court granting summary judgment to the Thomas Howell Group.

TO THE CLERK:

Please file the foregoing opinion.

_____/s/ Jane R. Roth_____
Circuit Judge

8